By the Court,

Sutherland, J.
Conly was the principal witness for the prosecution, and the counsel for the defendant, upon his cross examination, offered to prove by him that he had frequently, during the present session of *22 the court, offered to the prisoner that if he would settle the subject matter of the *indictment, he, the witness, would leave the court and not appear against him. This testimony was objected to by the counsel for the people, and was excluded by the court. I think it was properly excluded. It could legitimately have had no influence with the jury ; it did not tend in the slightest degree to impeach the testimony of the witness, or to show that his narration was not true. Admitting that he had improperly endeavored to compromise the prosecution, his positive testimony in relation to the fraudulent conduct of the prisoner was not thereby impeached.
The books of account of the prisoner were also properly excluded. It would undoubtedly have been competent for him to have established, by proper evidence, that the balance actually due from Conly to him was $40, instead of $4; but his own books were not of themselves, without other testimony, com petent evidence of that fact; and in the offer of the books there was no intimation of any intention to give the additional evidence, without which they were clearly inadmissible.
There was no error in the charge of the court. The observation of the judge that the statement of Cronk, the witness, to Mr. Morrison, as sworn to by him, was materially different from what he testified to on the stand, was strictly true. It was materially different; for he testified that he read the note to Conly in an ordinary audible voice, when, according to Morrison’s testimony, he stated to him that he could not tell in what tone of voice he read it, whether it was his ordinary audible tone or not. The fact therefore stated by the court was strictly true; and they simply stated the fact; they did not charge the jury that the testimony of Cronk was on that or any other account to be disbelieved; they left the whole matter of fact fairly to the jury.
It was suggested, upon the argument, that the indictment was bad in not charging loss or prejudice to have been sustained by Conly. This was not necessary. This is a new offence, created by the revised statutes. 2 R. S. 677, § 53. They have added to the statute, as it stood before, (1 R. L. 410, § 13,) the obtaining by false pretences the signature of any person to any written instrument. The offence is complete when the signature is obtained by false pretences, with intent to cheat or fdefraud another. It is not essential to the offence that actual loss or injury should be sustained. This was held in the case of The People v. Stone, 9 Wendell, 190. That case arose before the revised statutes, and was decided upon the law of 1813. 1 R. L. 410, § 13. The offence charged was the obtaining the endorsement of one. Filley upon several notes by false pretences. It was held that such endorsement, where the note was actually passed and made productive, was to be considered as money, goods or chattels, or other effects, within the meaning of the act. But I expressed a doubt whether a note thus obtained, where no use had been made of it, would be considered either money, goods or chattels, or a valuable thing; but I also observed, that under the revised statutes the offence was complete when the signature was obtained.
Let the proceedings be remitted to the sessions, with directions to proceed and render judgment.